UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLAL INSURANCE COMPANY LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD., *et al.*,<br><br>Defendants. | Civ. A. No. 3:19-cv-00543 (SRU)<br><br><br><br><br><br><br><br>May 13, 2019 |

**JOINT MOTION TO STAY ACTION**

Plaintiffs Clal Insurance Company Ltd., Clal Pension and Provident Ltd., Atudot Pension Fund for Employees and Independent Workers Ltd., Alumot Mutual Fund Management Company, Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., and Meitav DS Provident Funds and Pension Ltd. ("Plaintiffs") and Defendants Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Erez Vigodman, Eyal Desheh, Allan Oberman, Sigurdur Olafsson, Deborah Griffin, Yaacov Altman, Yitzhak Peterburg, Dipankar Bhattacharjee, Michael McClellan, Kåre Schultz, and Maureen Cavanaugh ("Defendants") (collectively, the "Parties") jointly submit this motion to temporarily stay this action. In support of this motion, the Parties state:

1. Plaintiffs filed the above-captioned action against Defendants seeking relief for Defendants' alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder; §§ 1-402(c) and 1-501(c) of the Pennsylvania Securities Act; and the Israeli Securities Law, 1968 (the "Clal Litigation").

2. Pending in this Court is a putative securities class action captioned *Ontario Teachers' Pension Plan Board, et al. v. Teva Pharmaceutical Industries Ltd., et al.*, Civil Action

No. 3:17-cv-00558 (SRU) (the "Teva Securities Litigation") asserting claims against Defendants, and a party not named as a defendant in the Clal Litigation (the "Securities Litigation Defendants"), under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder, and §§ 11, 12(a)(2), and 15 of the Securities Act.

3. There is substantial overlap between the facts and circumstances alleged in the Clal Litigation and the Teva Securities Litigation, including the relevance of many of the same documents and witnesses.

4. Teva Pharmaceutical Industries Ltd., Mr. Vigodman, Mr. Desheh, Mr. Olafsson, Mr. Oberman, Ms. Griffin and Ms. Cavanaugh are named as defendants in the Clal Litigation and are also named as defendants in the Teva Securities Litigation.

5. Plaintiffs in the Teva Securities Litigation (the "Securities Litigation Plaintiffs") filed an Amended Consolidated Class Action Complaint on June 22, 2018.

6. Briefing on the Securities Litigation Defendants' motions to dismiss the Amended Consolidated Class Action Complaint was complete as of January 11, 2019. The hearing on the Securities Litigation Defendants' motions to dismiss took place on March 12, 2019, and the motion is currently pending before the Court.

7. Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," and, as result, until this Court decides the Securities Litigation Defendants' motions to dismiss, the Teva Securities Litigation will be stayed.

8. To ensure economy of time and effort for the Court, for counsel, and for the litigants, Plaintiffs and Defendants have reached agreements as set forth below, and they respectfully request that this Court enter an Order approving the terms of their agreements.

9. In particular, Plaintiffs and Defendants have agreed that, in light of the overlap between the Clal Litigation and the Teva Securities Litigation, the Clal Litigation should be voluntarily stayed on the terms set forth herein unless and until either: (1) the Teva Securities Litigation is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Teva Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) either of the Parties gives a ten (10) day notice that they no longer consent to the voluntary stay of the Clal Litigation, without prejudice to any party's right to move for a stay pursuant to the PSLRA or otherwise.

10. Accordingly, to the extent not already done, counsel for Defendants have agreed to accept service of the Complaint and summonses on behalf of Defendants without waiving any defense that any Defendant may have to the claims in this action, including but not limited to any motions to dismiss and/or consolidate, with the exception of service of the Complaint and summonses.

11. The Parties agree that, during the pendency of this stay, Defendants shall include Plaintiffs in any mediation or settlement conference, which may be scheduled with the Securities Litigation Plaintiffs.

12. In the event that, during the pendency of the stay, any of the Defendants produce, agree to produce, or are ordered to produce by a court of competent jurisdiction, any documents concerning any of the claims asserted in the Teva Securities Litigation or the Clal Litigation or in any later-filed related action brought on behalf of Plaintiffs, then copies of such documents shall be provided to the undersigned counsel for Plaintiffs within ten (10) days, subject to the Standing Protective Order entered by this Court.

WHEREFORE, the Parties respectfully request that this Court grant this motion and enter

an order, together with such other and further relief this Court deems appropriate, providing that:

    a.    The terms of this motion are approved;

    b.    This action shall be stayed, except that Plaintiffs may file an amended complaint to the extent otherwise allowed by law or rule and that Defendants shall have no obligation to answer or otherwise respond to the original or any amended complaint;

    c.    Upon the occurrence of any of: (1) the dismissal of the Teva Securities Litigation, with prejudice, by this Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Teva Securities Litigation; or (3) either of the Parties to this action provides ten (10) day notice that they no longer consent to the voluntary stay of the Clal Litigation, then the Parties shall within twenty-one (21) days meet and confer and propose to the Court a schedule for further proceedings, including deadlines for the filing of any amendment to, or motion to dismiss or response to the Complaint, or a further deferment of or motion to stay proceedings.

Respectfully submitted,

By: */s Erin Green Comite*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Erin Green Comite
Bar No. 420630
Margaret B. Ferron
Bar No. 431445
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: ecomite@scott-scott.com
        mferron@scott-scott.com

**POMERANTZ LLP**
Jeremy A. Liberman*
Michael J. Wernke*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
 mjwernke@pomlaw.com

*Pro Hac Vice

*Attorneys for Plaintiffs*


By: */s/ Jill M. O'Toole*
Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel:    860.251.5000
Fax:    860.251.5218
jotoole@goodwin.com

Jordan D. Hershman (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
Tel:  617.951.8000
Fax:  617.951.8736
jordan.hershman@morganlewis.com

*Counsel for Defendants*